CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 0 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 5:08-cv-80028 |
| | ) | Criminal Action No. 5:04-cr-30016 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Hon. Glen E. Conrad |
| GAESON LEE MURRAY. | ) | United States District Judge |

Petitioner Gaeson Lee Murray, a federal inmate proceeding pro se, brings this action as

a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Murray requests

that his convictions be vacated, maintaining that counsel provided ineffective assistance at trial

and on appeal, and claiming violations of due process. Respondent filed a motion to dismiss,[1]

to which Murray filed a timely response, making the matter ripe for the court's consideration.

For the reasons that follow, the court will grant respondent's motion except as to one issue. On

the existing record, the court is unable to resolve Murray's claims that he was not advised that

his prior felony drug conviction would be used to enhance his sentence and, therefore, orders an

evidentiary hearing on that issue.

## I.

On March 10, 2004, Murray and seven other defendants were charged in a twenty-seven

count indictment returned by a federal grand jury in the Western District of Virginia. Count One

of the indictment charged Murray with conspiring to distribute and possess with intent to

distribute fifty grams or more of a mixture or substance containing a detectable amount of

cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Counts Twenty-Five, Twenty-

---

[1] As respondent attaches an affidavit of counsel and supporting documents, and relies on these documents in its motion, the court must construe and address the motion as one seeking summary judgment. Fed. R. Civ. P. 12(b) and 56.

Six, and Twenty-Seven of the indictment charged Murray with knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

On July 12, 2004, the United States filed and served an information, pursuant to 21 U.S.C. § 851,[2] notifying Murray that he would be subject to an enhanced sentence if convicted of the aforementioned charges. The United States indicated in the information that it would rely upon his October 10, 2001 felony conviction for possession of a controlled substance in Fauquier County, Virginia, to establish the enhancement.[3] On December 22, 2004, a superseding indictment was returned by the grand jury, charging Murray with the same charges as set forth in the original indictment.[4] On December 23, 2004, the United States again filed and served an information, pursuant to 21 U.S.C. § 851, notifying Murray that he was subject to an enhanced sentence by virtue of his October 10, 2001 felony drug conviction in Fauquier County. On February 16, 2005, a second superseding indictment was returned by the grand jury, charging Murray with the same charges as set forth in the original and superseding indictments.[5]

---

[2] Section 851(a)(1) states in relevant part: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

[3] The court notes that on September 29, 2004, subsequent to the filing of information, the court granted Murray's motion to appoint new counsel noting that there was "no cause to believe that the current counsel has provided deficient service." However, defendant's concerns and time considerations prompted the court to relieve Helen Phillips, Esquire, as counsel and to ultimately appoint Kerry Armentrout, Esquire.

[4] The court notes that these charges were set forth in Counts One, Seven, Eight, and Nine in the superseding indictment.

[5] The court notes that Murray was the only individual charged in Count One in the second superseding indictment. The other three possession charges against him were set forth in Counts Two, Three, and Four.

Case 5:04-cr-30016-GEC   Document 410   Filed 09/10/08   Page 2 of 22   Pageid#: 910

A jury trial was held on February 23-24, 2005, and Murray was ultimately found guilty of all charges. By final judgment order entered August 15, 2005, Murray was sentenced to a term of imprisonment of 240 months as to Count One and 240 months as to each of Counts Two, Three, and Four, to run concurrently with the time imposed as to Count One. The judgment of the court was affirmed by the United States Court of Appeals for the Fourth Circuit by unpublished per curiam opinion entered February 21, 2007. Murray's motion for reconsideration was denied by order entered April 20, 2007.

On February 21, 2008, Murray filed a timely motion for relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel in several respects, as well as due process violations. Specifically Murray alleges:

A. That (1) trial counsel, Phillips, was ineffective in failing to advise him of and object to the government's § 851 information; (2) trial counsel, Armentrout, was ineffective because a conflict of interest existed between Armentrout and Murray, and in various other respects; and (3) appellate counsel, Greene, was ineffective in failing to contest the government's § 851 information and failing to raise various ineffective assistance of trial counsel claims on appeal;

B. A Fifth Amendment due process violation because of the "disparity in sentencing between crack cocaine and powder cocaine";

C. A Fifth Amendment due process violation because of the "failure to advise [Murray that a] prior conviction would be used to enhance his sentence"; and

D. Fifth and Sixth Amendment violations because there was "no jury finding on the exact amount of drugs."

-3-

(Pet'r § 2255 Mot. at 5-9.) The court finds that all of Murray's claims lack merit, except the claims concerning the alleged failure to advise him of the potential sentencing enhancement based on a prior conviction (claims A(1)(a), A(2)(i)(i), and C). Accordingly, respondent's motion for summary judgment will be denied as to these three claims but granted as to the rest of Murray's claims.

II.

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-25 (1986). The court must view the facts and the inferences drawn therefrom in the light most favorable to the non-moving party. Ballinger v. North Carolina Agric. Extension Serv., 815 F.2d 1001, 1004 (4th Cir. 1987). While viewing the facts in such a manner, courts look to the affidavits or other specific facts to determine whether a triable issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. "Where no genuine issue of material fact exists," it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

III.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional

-4-

violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). To prevail on a § 2255 motion, a petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## A.

Murray bears the burden of establishing that counsel's alleged failures rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, a petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As it relates to certain claims, the court notes that Murray is required to prove "a reasonable probability" that, but for counsel's alleged errors, he would have pleaded guilty. See, e.g., Hill v. Lockhart, 474 U.S. 52, 59 (1985). A reasonable probability is a probability sufficient to undermine confidence in the outcome.

-5-

Strickland, 466 U.S. at 694. If it is clear that a petitioner has not satisfied one prong of the Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697. Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

While Strickland provides a starting point in analyzing a claim of ineffective assistance, when a petitioner contends that counsel provided ineffective assistance because of a conflict of interest, the standard set forth in Cuyler v. Sullivan, 446 U.S. 335 (1980), also applies. The Sullivan Court indicated that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Sullivan, 446 U.S. at 348; see also Vinson v. True, 436 F.3d 412 (4th Cir. 2006). To establish an actual conflict of interest, a petitioner must show that his interests "diverged with respect to a material factual or legal issue or to a course of action." Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998) (en banc) (internal quotation marks omitted). "[P]rejudice is presumed when counsel is burdened by an actual conflict of interest." Strickland, 466 U.S. at 692 (citing Sullivan, 446 U.S. at 345-50). To establish an adverse effect, a petitioner must "identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued," show that "the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision," and establish that "the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." Mickens v. Taylor, 240 F.3d 348 (4th Cir. 2001).

-6-

## 1. Trial Counsel–Phillips

Murray complains that his first appointed counsel, Phillips, was ineffective in failing to (a) advise him of and (b) object to the government's § 851 information. As previously noted, the first § 851 information was filed on July 12, 2004, and notified Murray that he was subject to an enhanced sentence by virtue of his October 10, 2001 felony drug conviction in Fauquier County. Phillips was relieved as counsel by order entered September 29, 2004. The court finds that Murray fails to satisfy his burden of proof as to the claim that counsel was ineffective in failing to object to the information; however, the court cannot conclude from the present record that counsel adequately advised Murray of the information. Thus, the motion for summary judgment will be granted as to the claim that counsel was ineffective in failing to object to the information, but denied as to the claim that counsel was ineffective in failing to advise Murray of the information.

Murray's claim that counsel was ineffective in failing to object to the § 851 information is entirely without merit. The court finds that the record reflects that the § 851 information was proper and that there was no basis to make an objection to the form or timing of the information itself or to the underlying felony drug conviction. Indeed, the record reflects that the United States filed the July 12, 2004 information, in compliance with the requirements of § 851(b), well before Murray's jury trial. The information clearly notified Murray that he was subject to an enhanced sentence by virtue of his October 10, 2001 felony drug conviction in Fauquier County. Murray fails to contend that the underlying conviction supporting the notice was not a qualifying prior drug offense nor does he allege any other basis for challenging the information. Counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious

-7-

basis." See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987); see also Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (holding that counsel was under no duty to make a frivolous motion); United States v. Anthony, 149 F. App'x 135, 136 (4th Cir. 2005) (finding that any objection to the notice of intent to enhance sentence based on a prior conviction would have been meritless, thus, counsel was not ineffective). Accordingly, counsel's failure to object, claim A(1)(b), did not constitute deficient performance and the motion for summary judgment must be granted as to this issue.

The record is less clear concerning Murray's claim that counsel was ineffective in failing to advise him of the § 851 information. The purpose of a § 851 notice "is to provide notice to a defendant, prior to trial, that he faces an increased punishment if convicted of a qualifying offense such that the defendant has the opportunity to contest the accuracy of the information and to allow the defense sufficient time to understand the full consequences of a guilty plea or verdict." United States v. Deas, 263 F. App'x 310, 312 (4th Cir. 2008). The § 851 notice "must contain sufficient information to enable the defendant to identify the prior conviction upon which the enhancement is based and to make an informed decision regarding whether to challenge the information." Id. Thus, counsel's failure to inform a defendant of a § 851 information and explain to the defendant the consequences of such an enhancement would clearly constitute ineffective assistance.

As this court has previously noted, there does not appear to be any challenge to the form or the timing of the information itself or even the underlying conviction supporting the information. Rather, Murray merely contends that he was unaware of the information throughout the proceedings and that, had he known of the sentencing enhancement he faced if convicted by

-8-

jury, he would have pleaded guilty. The United States provides, as support for its motion, a letter from Phillips to the United States Attorney dated August 30, 2004, indicating that "Mr. Murray would be agreeable to a plea agreement" if the "agreement would contain language that the Government would agree to withdraw the information filed enhancing Mr. Murray's sentence for his prior drug conviction." (Mot. Dismiss, Ex. 3.) This letter, which Murray does not even address, much less dispute, would tend to suggest that Murray was well aware of the information and corresponding enhancement early on in the proceedings. However, it is not outside the realm of possibility that Phillips was simply negotiating a plea agreement without consulting Murray as to every development. Thus, without some evidence to support the proposition that Murray was aware of the information, the court cannot make a determination as to this claim without further investigating the matter. Accordingly, out of an abundance of caution, the court will deny the motion for summary judgment as to claim A(1)(a) and order an evidentiary hearing on the issue.

### 2. Trial Counsel–Armentrout

Murray next complains that his second appointed counsel, Armentrout, was ineffective because of a conflict of interest. Specifically, Murray contends that counsel (a) failed to investigate certain aspects of his case when requested; (b) failed to inform the court that counsel had gone to school with one of the jurors and that he was familiar with that juror; (c) failed to cross-examine witnesses with suggested questions from Murray; (d) failed to object to portions of the government's evidence; (e) failed to request that the jury be informed of the enhanced penalty, filed pursuant to § 851; (f) failed to object to the lack of specific drug amounts in the jury instructions; (g) failed to obtain a copy of the Grand Jury hearings when requested; (h) failed

-9-

to dispute the amount of drugs calculated in the Pre-Sentence Report ("PSR"), specifically as related to Murray's base offense level; (i) failed to inform Murray of and object to the government's § 851 information; (j) failed to dispute Murray's enhanced sentence; (k) failed to inform Murray that he could contest the government's § 851 information; (l) failed to inform Murray and the court that counsel was related to the Sheriff in Front Royal where Murray was investigated for participation in drug activity; and (m) admitted to the jury that Murray sold drugs, just not to the degree that the government argued.[6]  Murray contends that counsel's conflict "hampered his advocacy" and that "his representation was inadequate due to the conflict." (Pet'r Mem. Supp. § 2255 Mot. at 19.)  The court finds that Murray fails to satisfy his burden of proof under both <u>Strickland</u> and <u>Sullivan</u> as to all claims except claim (i)(i). Accordingly, the motion for summary judgment will be granted as to claims (a) through (h), claim (i)(ii), and claims (j) through (m), but denied as to claim (i)(i).

**Claims (a), (b), (c), (d), (g), (h), (j) and (l):**

The court first finds that Murray fails to prove that an actual conflict of interest existed as to claims (a), (b), (c), (d), (g), (h), (j) and (l) because he does not provide the court with an adequate factual basis to support any of these claims.  Murray first alleges that counsel failed to investigate certain aspects of his case when requested; however, Murray fails to specify what "certain aspects" counsel failed to investigate.  Murray next complains that counsel failed to inform the court that counsel had gone to school with one of the jurors and that he was familiar with that juror. Murray does not allege the extent of this relationship or how this alleged

---

[6] The court notes that Murray's claims are set forth in a confusing and repetitive manner. Accordingly, the court has regrouped Murray's claims for clarity.

Case 5:04-cr-30016-GEC   Document 410   Filed 09/10/08   Page 10 of 22   Pageid#: 918

familiarity prejudiced him in any manner. Indeed, counsel's relationship with a juror arguably could have helped Murray. Murray further contends that counsel failed to cross-examine witnesses with suggested questions from Murray. Murray fails to indicate what witnesses were not properly examined and also fails to provide the court with the questions that counsel should have asked. Murray also alleges that counsel failed to object to portions of the government's evidence, but Murray does not indicate what evidence counsel should have objected to or on what grounds. Murray alleges that counsel failed to obtain a copy of the Grand Jury hearing transcript when requested, but fails to indicate why transcripts of the hearings were pertinent or how they could have affected the trial. Murray contends that counsel failed to dispute the amount of drugs calculated in the PSR, specifically as related to Murray's base offense level; however, Murray fails to allege that he requested that counsel file an objection to the PSR concerning this issue and further fails to provide any sort of basis to support such a dispute. Murray further complains that counsel failed to dispute Murray's enhanced sentence. Murray does not allege that he requested that counsel file any objections to the PSR on this ground, or that he requested that counsel "dispute" his sentence during the sentencing hearing. Moreover, the court fails to discern any plausible grounds on which to dispute the enhanced sentence and Murray does not provide the court with any. Finally, Murray alleges that counsel failed to inform him and the court that counsel was related to the Sheriff in Front Royal where Murray was investigated for participation in drug activity. Murray fails to provide any information as to why this familial relationship affected him in a negative manner. Accordingly, Murray's generalized allegations and conclusory statements in claims (a), (b), (c), (d), (g), (h), (j) and (l), without specific evidentiary support, are insufficient to establish that counsel had an actual conflict of interest or provided ineffective assistance in any way.

-11-

**Claims (e) and (m):**

The court further finds that Murray fails to carry his burden of proof as to claims (e) and (m). In those claims, Murray alleges that counsel failed to request that the jury be informed of the enhanced penalty, filed pursuant to § 851, and admitted to the jury that Murray sold drugs, just not to the degree that the government argued. Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance. See Strickland, 466 U.S. at 689. Murray is unable to overcome the legal presumption that counsel's decisions were reasonable trial strategies. Informing the jury of the § 851 motion, concerning a prior felony drug charge, would arguably have damaged Murray's credibility as the jury could have concluded that Murray was predisposed to committing such crimes. Thus, it was reasonable trial strategy for counsel to refrain from bringing the jury's attention to previous criminal activity. Moreover, such information was irrelevant to the jury's determination.

Similarly, it was entirely reasonable trial strategy to concede that Murray had participated in the three undercover drug buys, but challenge the conspiracy charge and offer the theory that Murray was not as involved in the drug trade as the government argued. The record indicates that the evidence against Murray concerning the three drug buys was overwhelming.[7] The

---

[7] Indeed, co-defendants and other individuals, intimately aware of Murray's involvement in the individual distribution charges and the conspiracy charge, testified at trial. Specifically, Joey Dodson, a confidential informant, testified that he arranged three controlled buys, April 18, 2003, July 9, 2003, and July 22, 2003, with Murray. Agent Carry McGillis of the Warren County Sheriff's Office and Sergeant Kevin Coffman of the Front Royal Police Department, confirmed and described the preparations and requirements for the controlled buys. Lieutenant Siebert with the Frederick County Sheriff's Office and Special Agent Todd Freiwald with the Bureau of Tobacco, Firearms, and Explosives also testified about the controlled buys and their participation. The parties stipulated to the substance and amount of the crack recovered from each buy. As to the conspiracy charge, Sara Kitts testified that she purchased or was given crack cocaine from Murray on twenty-five to thirty occasions. Sandra Carter testified that she purchased crack cocaine from Murray, that she also observed him using drugs and selling them to others, and that he requested that she purchase drugs for him. Connie and Harold Glascoe, two of Murray's co-defendants, testified that Murray supplied crack
(continued...)

-12-

witnesses at trial included a confidential informant with no criminal history and several law enforcement officers. Moreover, recordings of the undercover buys were presented to the jury. Thus, it was reasonable trial strategy for counsel to concentrate on challenging the extent of Murray's involvement in the drug conspiracy, i.e., the amount of drugs that he was responsible for and disputing whether there was an actual conspiracy, by questioning the credibility of Murray's co-defendants, rather than boldly contending, with valid evidence to the contrary, that Murray was not involved in the drug trade to any degree. Accordingly, claims (e) and (m) are insufficient to establish that counsel had an actual conflict of interest or provided ineffective assistance.

**Claim (f):**

The court finds claim (f), that counsel provided ineffective assistance in failing to object to the lack of specific drug amounts in the jury instructions, to be without merit. The jury was instructed that, in order to find Murray guilty of Count One, they were required to find that "the overall scope of the conspiracy involved at least 50 grams of a mixture or substance containing cocaine base." Similarly, the jury was instructed at length as to how they should determine the amount of drugs attributable to Murray as required under current United States Court of Appeals for the Fourth Circuit precedent. See United States v. Collins, 415 F.3d 304, 313 (2005) (ruling

---

[7](...continued)
cocaine for them to sell throughout 2002 and 2003 and that they observed him sell drugs to other people at their home. Indeed, the Glascoes testified that they observed Murray with an ounce of cocaine, or 28 grams, two times a week during that time period. Paul Peacemaker, another co-defendant, testified that he purchased crack cocaine from the Glascoes and Murray and that he observed Murray at the Glascoe's home with crack cocaine. Kim Zakrzewski testified that she purchased crack cocaine from Harold Glascoe, Paul Peacemaker, and Murray, and that she observed Murray sell drugs to other individuals. The defense presented no evidence to contradict that presented by the United States; however, trial counsel fully cross-examined each witness. Accordingly, the record reflects that there was more than sufficient evidence to support each conviction.

-13-

that a jury must utilize the principles outlined in Pinkerton v. United States, 328 U.S. 640 (1946), to determine the specific quantity of drugs "attributable to" each individual defendant for the purpose of setting a threshold drug quantity under § 841(b)).

In this instance, the jury was clearly instructed as to, and did determine, the threshold drug quantity of 50 grams as required under 21 U.S.C. § 841(b)(1)(A). Murray does not allege what other drug amounts should have been included in the jury instructions. Regardless, the court notes that the jury was provided with a special verdict form with the option of finding Murray guilty as to any lesser drug quantity. Moreover, while the jury is required to determine the threshold drug quantity for statutory penalty purposes, a jury is not required to determine any drug quantities for Sentencing Guidelines purposes. See United States v. Brooks, 524 F.3d 549, 560 n.20 (4th Cir. 2008). As previously noted, counsel is not ineffective in failing to raise an objection or make a motion for which there is "no obvious basis," Clanton, 826 F.2d at 1359; thus, counsel was clearly not ineffective in failing to object to the lack of specific drug amounts in the jury instructions.[8] Accordingly, claim (f) is also insufficient to establish that counsel had an actual conflict of interest that adversely affected his performance or provided ineffective assistance.

**Claims (i) and (k):**

In claim (i) Murray complains that counsel failed to (i) inform him of and (ii) object to the government's § 851 information[9] and in claim (k) Murray complains that counsel failed to inform him that he could contest the government's § 851 information. As previously noted,

---

[8] To the extent that Murray alleges that the jury instructions may have been confusing to the jurors, the court again notes that it is beyond question that there was enough evidence to prove that Murray was responsible for at least 50 grams of a mixture or substance containing cocaine base.

[9] The court presumes that Murray is referring to the second information as Armentrout was not appointed at the time that the first information was filed.

-14-

Murray fails to contend that the conviction was not a qualifying prior drug offense nor does he allege any other basis for challenging the information. Indeed, the record reflects, and Murray does not dispute, that the December 23, 2004 information, notifying Murray that he was subject to an enhanced sentence by virtue of his October 10, 2001 felony drug conviction in Fauquier County, was in compliance with the requirements of § 851(b). The information was filed with the court several months prior to Murray's jury trial, a copy was provided to counsel at that time, and the drug conviction was clearly set forth and accurate. Thus, counsel was not ineffective in failing to object to the information or failing to inform Murray that he could contest the information. See Clanton, 826 F.2d at 1359. Indeed, Murray does not allege that he would have contested the information had counsel informed him of this opportunity or on what basis he would have done so. Similarly, such complaints do not establish that an actual conflict of interest existed. Thus, portion (ii) of claim (i) and claim (k) lack merit and the motion for summary judgment must be granted as to those claims.

Portion (i) of claim (i), Murray's allegation that counsel failed to inform him of the information, is more problematic as, once again, there is nothing in the present record which refutes this contention. Once again, Murray does not challenge the form or the timing of the second information itself or the underlying conviction supporting the information. However, if Murray could prove that he was not aware of the statutory twenty-year mandatory minimum sentence he faced because of a prior conviction and thus did not understand the full consequences of rejecting a plea bargain to avoid the § 851 enhancement, if such a bargain was offered, then he may be entitled to relief on this claim of ineffective assistance. Deas, 263 F. App'x at 312.

In support of its motion, the United States argues that Murray made no objection to the criminal history paragraphs or the statutory mandatory minimum penalty noted in the PSR at any time and also that, despite being given the opportunity to do so, he failed to question or address the court as to this issue. Murray does not contend that he was not given the opportunity to review the PSR,[10] nor does he contend that he was not present and cognizant of the proceedings during his sentencing hearing. However, the court finds it problematic that all of these arguments pertain to a time period subsequent to the opportunity to plead guilty. Moreover, while the statutory mandatory minimum sentence was mentioned at sentencing, it certainly was not thoroughly addressed. Thus, even though the record suggests that Murray may have been informed of the enhancement by the time of his sentencing, it is still unclear as to whether he was aware of the information prior to trial, and the court cannot make a determination as to this claim without further investigating the matter. Accordingly, out of an abundance of caution, the court will deny the motion for summary judgment as to this claim and order an evidentiary hearing on the issue.

### 3. Appellate Counsel–Greene

Murray further complains that appellate counsel failed to raise the issue of the government's § 851 information and failed to raise various ineffective assistance of trial counsel claims on appeal. Specifically, Murray contends that appellate counsel should have pointed out that Phillips and Armentrout failed to inform Murray of the § 851 information and that

_____

[10] Such an argument would lack merit as the sentencing transcript reveals that Murray pointed out a minor error as to a release date for the underlying offenses to his counsel which counsel then relayed to the court. Thus, it is clear that Murray adequately reviewed the PSR.

-16-

Armentrout had a conflict of interest. The court finds that Murray fails to satisfy his burden of proof under Strickland and that appellate counsel did not provide deficient performance.

It is well settled that "a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). As previously noted, the record is far from conclusive in that respect. Moreover, even if there was a basis for raising the issue of ineffective assistance of counsel on appeal, appellate counsel was not required to note on appeal the issues of which Murray complains. Appellate counsel has no constitutional duty to raise every nonfrivolous issue on appeal if counsel, as a matter of professional judgment, decides not to raise such issue on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985) (citing Jones v. Barnes, 463 U.S. 745 (1983)).

Murray fails to provide any support to overcome the presumption that appellate counsel made an informed decision, based on reasonable professional judgment, not to pursue on appeal the issues concerning the government's § 851 information and ineffective assistance of trial counsel. Indeed, an uncontested affidavit from appellate counsel indicates that "during the course of [his] review of the record on appeal and preparation of Appellant's Brief, [he] saw no evidence of ineffective assistance of counsel, much less evidence that led to anything resembling the conclusive appearance of such." (Mot. Summ. J., Ex. 5 at 2-3.) Appellate counsel further concluded that there was "no realistic basis . . . in the appellate record" to support Murray's "argument regarding the sentencing level imposed upon by the U.S. District Court" based on the § 851 information. (Mot. Summ. J., Ex. 5 at 3.) Thus, Murray's claim that appellate counsel rendered ineffective assistance by failing to raise on appeal the issues of the government's § 851

-17-

information and ineffective assistance of trial counsel fails to satisfy the requirements of Strickland and, accordingly, the motion for summary judgment must be granted as to this issue.

**B.**

Murray further alleges a Fifth Amendment due process violation because of the "disparity in sentencing between crack cocaine and powder cocaine." (Pet'r Mem. Supp. § 2255 Mot. at 20.) Specifically, Murray points to the decision of the Supreme Court of the United States in Kimbrough v. United States, 128 S. Ct. 558 (2007), which indicates that a judge may impose a sentence below the guidelines in crack cocaine cases because the guidelines are too harsh. Moreover, Murray points to the fact that the United States Sentencing Commission recently gave retroactive effect to an amendment to the guidelines that reduces penalties for crack cocaine offenses. Accordingly, Murray contends that the court was unreasonable in concluding that the sentence of 240 months "represented the least severe punishment necessary to achieve the specified purposes of the criminal law" and requests that the court resentence him. (Pet'r Mem. Supp. § 2255 Mot. at 21.) The court finds that this claim lacks merit and declines to resentence Murray.

Murray's 240 month sentence was the result of the statutory mandatory minimum penalties set forth in 21 U.S.C. § 841(b)(1)(A), which indicates that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years." Where the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. See United States Sentencing Commission Guidelines Manual § 5G1.1(b). Thus, regardless of the court's

-18-

current discretion pursuant to Kimbrough, the court was and still would be bound by the twenty-year statutory mandatory minimum found in § 841(b)(1)(A). Accordingly, this claim lacks merit and the motion for summary judgment must be granted as to this issue.

## C.

Murray next alleges a Fifth Amendment due process violation because he was not advised that his prior conviction would be used to enhance his sentence.[11] The court has already adequately analyzed this claim in the context of Murray's ineffective assistance of counsel claims and finds no need for repetition here. Because it is unclear whether Murray was aware that he faced an increased punishment if convicted under 21 U.S.C. § 841(b)(1)(A), the court finds that further inquiry into the matter is appropriate. Accordingly, the court will deny the motion for summary judgment as to this claim and order an evidentiary hearing on the issue.[12]

---

[11]This claim asserting trial error would ordinarily be considered waived because Murray failed to pursue it on direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). Procedural default is generally an affirmative defense, however, and counsel for the government makes no such argument. Accordingly, the court will not dismiss the claim as waived.

[12] Murray further complains that the court failed to inquire whether Murray affirmed or denied that he had been previously convicted as alleged in the information and failed to inform him that any challenge to a prior conviction which is not made prior to sentencing may not thereafter be raised to attack his sentence. Under § 851(b), once an information is filed, the district court "shall after conviction but before pronouncement of sentence," ask the defendant "whether he affirms or denies that he  has been previously convicted as alleged in the information." The record reflects that the court did not conduct such a colloquy. While this matter is not dispositive of whether the substantive protections underlying § 851 were provided to Murray in this case, the court finds that it further supports the need for an inquiry into whether Murray was aware of the § 851 information. See United States v. Houser, 147 F. App'x 357 (4th Cir. 2005) (finding that the court's failure to comply with the § 851(b) requirements did not affect inmate's substantial rights where inmate received § 851 notice which adequately notified her of the prior felony drug offense upon which the government sought to enhance her sentence, the prior felony drug offense was included in the PSR, yet inmate made no objection to the validity of this conviction, and the court made clear at sentencing that inmate faced a statutory mandatory minimum sentence and gave inmate an opportunity to speak before pronouncing sentence); see also United States v. Cave, 203 F. App'x 536 (4th Cir. 2006) (noting that even if the district court does not act in strict compliance with § 851, on plain error review, a defendant must prove that the error 'actually affected the outcome of the proceedings'"); United States v. Ellis, 326 F.3d 593 (4th Cir. 2003) (finding that the failure to comply with 21 U.S.C.S. § 851(b) is harmless error where the defendant has not (continued...)

-19-

## D.

Murray finally alleges Fifth and Sixth Amendment violations because the jury was not instructed on an "exact amount of drugs," in violation of United States v. Booker, 543 U.S. 220 (2005). (Pet'r Mem. Supp. § 2255 Mot. at 23.) Murray contends that his base offense level was determined on an amount of drugs not admitted to by him or found by a jury. The court finds that this issue is procedurally defaulted and, alternatively, that it lacks merit.

The Supreme Court has noted that "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley, 523 U.S. at 621 (internal quotations omitted). Claims that could have been, but were not, raised on direct appeal are procedurally defaulted. Id. In the instant case, although Murray did bring an appeal, he did not raise this issue in his appeal. Therefore, the court finds that this claim is procedurally defaulted.

However, there are two instances when a procedurally defaulted claim may be considered on collateral review. First, a defaulted claim may be raised in a § 2255 proceeding if the petitioner demonstrates both "cause" for the default and "actual prejudice" from the failure to review the claim. Bousley, 523 U.S. at 622; United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). To establish cause, Murray must point to some objective factor beyond his control that impeded or prevented him from presenting his claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective

---

[12](...continued)
complied with the procedures under 21 U.S.C. § 851(c) for challenging prior convictions).

-20-

assistance of counsel. <u>Wright v. Angelone</u>, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting

<u>McCleskey v. Zant</u>, 499 U.S. 467, 493-94 (1991)). To show prejudice, Murray must demonstrate

"not merely that the errors at his trial created a possibility of prejudice, but that they worked to

his actual and substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." <u>McCarver v. Lee</u>, 221 F.3d 583, 892 (4th Cir. 2000) (quoting <u>United States v.

Frady</u>, 456 U.S. 152, 170 (1982)). In the alternative, a defaulted claim may be raised if the

petitioner can demonstrate that he is actually innocent. <u>Schlup v. Delo</u>, 513 U.S. 298, 321

(1995); <u>Mikalajunas</u>, 186 F.3d at 493. In the instant case, Murray does not allege that he is

actually innocent of the crime of which he was convicted, and he has offered no explanation to

show cause to excuse his default. Accordingly, the court finds that his claim is procedurally

defaulted.

Regardless, this claim lacks merit. As stated, the jury was instructed that, in order to find

Murray guilty of Count One, they were required to find that "the overall scope of the conspiracy

involved at least 50 grams of a mixture or substance containing cocaine base." Similarly, the

jury was instructed at length as to how they should determine the amount of drugs attributable

to Murray as required pursuant to <u>United States v. Collins</u>, 415 F.3d 304, 313 (2005), and

<u>Pinkerton v. United States</u>, 328 U.S. 640 (1946). A "jury is to determine the threshold quantity

of drugs attributable to an individual drug conspiracy defendant for the purpose of establishing

the applicable statutory sentencing range under § 841(b)"; however, "it does not require a jury

to determine any drug quantities that may be attributable to a § 846 defendant for Sentencing

Guidelines purposes." <u>United States v. Brooks</u>, 524 F.3d 549, 560 n. 20 (4th Cir. 2008) (noting

that <u>Booker</u> is solely a Sentencing Guidelines case). Accordingly, Murray's reliance on <u>Booker</u>

-21-

is misplaced. The jury properly determined the threshold drug quantity of 50 grams as required pursuant to 21 U.S.C. § 841(b)(1)(A), and the jury was not required to determine the "exact amount of drugs" to support Murray's base offense level for guidelines purposes. Accordingly, this final claim lacks merit and the motion for summary judgment must be granted as to this issue as well.

**IV.**

For the stated reasons, respondent's motion for summary judgment will be denied as to Murray's claims that he was not advised that his prior felony drug conviction would be used to enhance his sentence and summary judgment will be granted as to all other claims. The court will refer the matter to United States Magistrate Judge Michael F. Urbanski, pursuant to 28 U.S.C. § 636(b)(1)(B), for conduct of a hearing and the preparation of a Report and Recommendation, setting forth findings of fact, conclusions of law, and recommended disposition as to Murray's remaining claims. An appropriate Order will be entered this day.

**ENTER**: This 10th day of September, 2008.

_____
United States District Judge