CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 10 2008

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 5:08-cv-80028 |
| | ) | Criminal Action No. 5:04-cr-30016 |
| | ) | |
| v. | ) | **2255 ORDER** |
| | ) | |
| | ) | By: Hon. Glen E. Conrad |
| GAESON LEE MURRAY. | ) | United States District Judge |

In accordance with the Memorandum Opinion entered this day, it is hereby

**ADJUDGED AND ORDERED**

as follows:

1. Respondent's motion to dismiss, construed as a motion for summary judgment (docket number 407), is **DENIED** as to Murray's claim, and any related ineffective assistance of counsel claims, that his Fifth Amendment due process rights were violated because he was not advised that his prior convictions would be used to enhance his sentence (claims A(1)(a), A(2)(i)(i), and C);

2. Respondent's motion to dismiss, construed as a motion for summary judgment (docket number 407), is **GRANTED** as to Murray's claim that trial counsel, Armentrout, was ineffective because a conflict of interest existed between Armentrout and Murray, and in various other respects other than that found in a portion of A(2)(i)(i);

3. Respondent's motion to dismiss, construed as a motion for summary judgment (docket number 407), is **GRANTED** as to Murray's claim that appellate counsel was

ineffective in failing to contest the government's § 851 information and failing to raise various ineffective assistance of trial counsel claims on appeal;

4. Respondent's motion to dismiss, construed as a motion for summary judgment (docket number 407), is **GRANTED** as to Murray's claim that his Fifth Amendment due process rights were violated because of the disparity in sentencing between crack cocaine and powder cocaine; and

5. Respondent's motion to dismiss, construed as a motion for summary judgment (docket number 407), is **GRANTED** as to Murray's claim that his Fifth and Sixth Amendment rights were violated because there was no jury finding on the exact amount of drugs for which Murray was held responsible.

This case is **REFERRED** to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on Murray's remaining claims. The Magistrate Judge shall submit to the court a report setting forth proposed findings of fact, conclusions of law, and a recommended disposition of this case, pursuant to 28 U.S.C. § 636(b)(1)(B). This order augments, not supersedes, this court's Standing Order of Reference, entered May 26, 2006, for prisoner Civil Rights cases and petitions for writs of Habeas Corpus.

The Clerk is directed to send copies of this Order and accompanying Memorandum Opinion to plaintiff and to all counsel of record for defendants.

ENTER: This 10th day of September, 2008.

_/s/ Glen E. Conrad_
United States District Judge