CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 12 2009

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| GAESON LEE MURRAY, ) | |
| Petitioner, ) | Civil Action No. 5:08cv80028 |
| ) | Criminal Action No. 5:04cr30016 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Michael F. Urbanski |
| Respondent. ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Petitioner Gaeson Lee Murray ("Murray") brings this action under 28 U.S.C. § 2255, alleging, inter alia, claims of ineffective assistance of counsel and violation of his Fifth Amendment due process rights. By Order dated September 10, 2008, the court dismissed all of Murray's allegations, except for two related claims: (1) an ineffective assistance claim that trial counsel failed to advise him of the Information to Enhance Sentence filed by the government pursuant to 21 U.S.C. § 851, and (2) a Fifth Amendment due process claim that he was not advised that his prior convictions would be used to enhance his sentence. The court referred these two remaining claims to the undersigned for an evidentiary hearing, which was held on January 14, 2009. Murray participated in the hearing via video conference.

Based on the evidentiary hearing testimony, the undersigned concludes that Murray was advised by counsel that a § 851 information had been filed and was aware that he was facing an enhanced sentence of twenty years mandatory minimum at trial. Thus, his Fifth Amendment due process and Sixth Amendment ineffective assistance

claims must fail. As such, the undersigned recommends that Murray's § 2255 motion to vacate, set aide or correct his conviction and sentence be dismissed.

**I.**

On March 10, 2004, a federal grand jury sitting in the Western District of Virginia returned an indictment charging in Count One that Murray conspired to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 and 841(a)(1), and in Counts Twenty-Five, Twenty-Six and Twenty-Seven that he possessed with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Helen Eckert Phillips ("Phillips") was appointed as counsel for Murray on or about May 6, 2004. Murray pled not guilty to all counts in the indictment on May 11, 2004.

The United States filed an Information to Enhance Sentence pursuant to 21 U.S.C. § 851 on July 12, 2004, notifying Murray that he was subject to an enhanced sentence based on his prior felony conviction of possession of a controlled substance on October 10, 2001 in Fauquier County, Virginia.

Murray filed a motion to appoint new counsel on September 28, 2004, citing a conflict of interest. Despite finding no cause to believe Phillips had provided deficient service, the court granted Murray's motion and appointed Kerry D. Armentrout ("Armentrout") on September 29, 2004. A superceding indictment was handed down on December 22, 2004, charging Murray with the same offenses contained in the original indictment, set forth in Counts One, Seven, Eight and Nine. The United States filed a second information pursuant to 21 U.S.C. § 851, on December 23, 2004, again notifying

2

Murray that he was subject to an enhanced sentence based on his prior felony conviction. Murray pled not guilty to all counts on February 1, 2005.

The grand jury returned a second superceding indictment on February 16, 2005, again charging Murray with the same offenses contained in the original indictment, set forth in Counts One, Two, Three and Four. Murray once again pled not guilty to all counts. After a two day trial beginning on February 23, 2005, the jury returned a verdict finding Murray guilty on all counts. On August 4, 2005, the court sentenced Murray to 240 months on each of the four counts to run concurrently. A final judgment was entered on August 15, 2005, and Armentrout moved to withdraw as counsel on August 19, 2005. Matthew Greene ("Greene") was appointed appellate counsel on January 26, 2006. Thereafter, Murray filed a timely notice of appeal, and the Fourth Circuit affirmed his conviction.

Murray filed this motion for relief pursuant to 28 U.S.C. § 2255 on February 21, 2008. Murray raises a number of claims, including: (1) that Phillips was ineffective in failing to advise him of and object to the § 851 information; (2) that Armentrout was ineffective in failing to advise him of and object to the § 851 information, and for various other reasons, including that a conflict of interest existed between Murray and Armentrout; (3) that Greene was ineffective for failing to contest the government's § 851 information and failing to raise various ineffective assistance of trial counsel claims on appeal; (4) that his Fifth Amendment due process rights were violated because of the disparity in sentencing between crack and powder cocaine; (5) that his Fifth Amendment due process rights were violated because he was not advised that a prior conviction would be used to enhance his sentence; and (6) that his Fifth and Sixth Amendment rights were

3
Case 5:04-cr-30016-GEC   Document 423   Filed 03/12/09   Page 3 of 13   Pageid#: 1076

violated because there was no jury finding on an exact amount of drugs attributable to him.

The court issued a Memorandum Opinion and Order on September 10, 2008, granting summary judgment[1] in favor of the government on all of Murray's claims except for his claims that Phillips and Armentrout provided ineffective assistance by failing to advise him that the § 851 information had been filed, and his Fifth Amendment claim that his due process rights were violated because he was not advised that his prior convictions would be used to enhance his sentence. These remaining claims were referred to the undersigned for evidentiary hearing. The narrow issue before the court is whether Murray was advised that his sentence would be enhanced by virtue of his prior drug conviction and the § 851 information.

## II.

At the evidentiary hearing, Phillips testified that she was aware Murray faced an enhancement to certain mandatory minimum sentences because of a prior conviction in Fauquier County, as the government filed a § 851 information. Transcript of January 14, 2009 Evidentiary Hearing [hereinafter Evid. Hrg. Tr.] 4-5. Phillips received a letter from the Assistant United States Attorney on or about July 12, 2004 enclosing the information, which she subsequently discussed with Murray. Evid. Hrg. Tr. 8, Govt. Ex. 1. Phillips met with Murray at the jail in Orange, Virginia on July 19, 2004. Evid. Hrg. Tr. 23. In a letter to Murray dated July 22, 2004,[2] Phillips explained that the information increased

---

[1] The court construed the government's Motion to Dismiss as a Motion for Summary Judgment due to the affidavit and supporting documents filed with the motion.

[2] A copy of this letter was marked as Government's Exhibit 2 at the evidentiary hearing. This document is a copy of an unsigned letter retrieved from Phillips' computer. The original, signed letter from Phillips' file has been lost. Evid. Hrg. Tr. 9. However, Phillips testified that she has no doubt that she sent this

4

his sentence to a 20-year mandatory minimum penalty; Phillips testified that she also talked to Murray on numerous occasions after sending him the letter. Evid. Hrg. Tr. 8, 12-13, Govt. Ex. 2.

Phillips further testified that the Assistant United States Attorney offered Murray a plea agreement, which included a minimum 20-year sentence. Evid. Hrg. Tr. 13-14, 23-24. Phillips stated that she would not have advised Murray to sign a plea agreement providing for a 20-year sentence; instead, she would have exhausted all remedies to try to convince the government to reduce the proposed sentence to 10 years. Evid. Hrg. Tr. 31. As a result of her discussions with Murray, Phillips sent a letter to the Assistant United States Attorney on August 30, 2004, stating that Murray would be agreeable to a proposal in which the government withdrew the information, thereby reducing his sentence to 10 years. Evid. Hrg. Tr. 14-16, 30, Govt. Ex. 3. Phillips testified that Murray understood that if the government responded positively to the letter, he would be presented with a plea agreement that would cut his mandatory minimum penalty in half. Evid. Hrg. Tr. 17. Phillips also recalled that Murray made a proffer in an effort to get substantial assistance to avoid the 20-year mandatory penalty. Evid. Hrg. Tr. 17, 31-32.

Phillips testified that she never had any discussions with Murray in which he indicated that he did not understand that he faced 20 years as a result of the information. Evid. Hrg. Tr. 18. She specifically recalled talking to Murray about the 20-year mandatory minimum penalty and informing him of the meaning of statutory mandatory penalties. Evid. Hrg. Tr. 18, 30. Phillips testified that after sending the August 30, 2004 letter to the Assistant United States Attorney, her relationship with Murray deteriorated,

---

letter to Murray on the date indicated. Evid. Hrg. Tr. 10-12. The exhibit was admitted into evidence without objection. Evid. Hrg. Tr. 12-13.

5
Case 5:04-cr-30016-GEC   Document 423   Filed 03/12/09   Page 5 of 13   Pageid#: 1078

and Murray asked the court to appoint new counsel. Evid. Hrg. Tr. 21. Phillips could not recall whether the government had responded to her efforts to secure a plea bargain containing a 10 year sentence at the time she was removed as counsel. Evid. Hrg. Tr. 21, 25, 27.

Murray's second trial counsel, Kerry Armentrout, testified that he took over Murray's case after the court permitted Phillips to withdraw as counsel in September, 2004. Evid. Hrg. Tr. 37. Murray was on bond the entire time Armentrout represented him. Evid. Hrg. Tr. 50. After Armentrout was appointed counsel, a second information was filed by the government. Evid. Hrg. Tr. 38. Armentrout testified that he discussed this information, which would enhance Murray's minimum mandatory penalty from 10 to 20 years, with Murray "on numerous occasions" and explained what a mandatory minimum penalty meant.[3] Evid. Hrg. Tr. 38-39. Specifically, Armentrout stated that Murray was looking at 20 years if convicted without the benefit of a plea agreement and that he could get 10 years if the government did not pursue the enhancement. Evid. Hrg. Tr. 39.

In a letter to Armentrout dated November 30, 2004, the Assistant United States Attorney extended the plea offer formerly given to Murray but stated that if Murray agreed to accept the plea agreement, the United States would refrain from filing an information pursuant to 21 U.S.C. § 851.[4] Evid. Hrg. Tr. 43, Pet. Ex. 1. Armentrout testified that he discussed this offer and its meaning with Murray. Evid. Hrg. Tr. 43.

---

[3] Armentrout testified that he does not have any notes of these conversations. Evid. Hrg. Tr. 54.

[4] Although Armentrout received this letter outlining the terms of the proposed plea agreement, he testified that he does not recall receiving a written plea agreement to reflect these terms. Evid. Hrg. Tr. 52, 56.

6

Although he told Murray that his mandatory prison time would be cut in half through this plea agreement:

> [Murray] didn't want to hear that. Mr. Murray and I had quite a few lengthy, fairly hyper conversations about – on at least a couple occasions, resulting in him hanging up on me and me probably wishing to hang up on him. He wanted to talk trial defenses and we discussed that. But he didn't really want to hear me in terms of the plea agreement, the offer.

Evid. Hrg. Tr. 44. Instead, according to Armentrout, Murray wanted to contest the charges. Evid. Hrg. Tr. 44. Armentrout testified that he expressed concern to Murray about proceeding to trial, considering the proffer Murray already had made. Evid. Hrg. Tr. 44. Armentrout stated that on every occasion he spoke to his client, no less than six or seven lengthy phone calls, he explained to Murray that he faced a mandatory 20 years in prison if he did not accept the government's offer and were to lose at trial. Evid. Hrg. Tr. 45-46. On February 16, 2005, Armentrout sent a letter to Murray, once again encouraging him to reconsider his position and accept the plea agreement providing a mandatory minimum of 10 years. Evid. Hrg. Tr. 47-48, Govt. Ex. 7. In the letter, Armentrout explained that he could not secure a better deal than what had been offered, and that if Murray were to be convicted at trial he faced a mandatory minimum of 20 years in prison. Evid. Hrg. Tr. 48, Govt. Ex. 7. Despite Armentrout's attempts to convince Murray to accept the plea agreement up until the trial date, Murray would not agree to the government's offer and chose to proceed to trial. Evid. Hrg. Tr. 45, 48-49.

At the hearing, Murray testified that Armentrout told him he was facing a mandatory minimum of 20 years and that Armentrout explained to him what that meant. Evid. Hrg. Tr. 67-68. Murray stated he had a number of telephone conversations with Armentrout but could not recall the substance of all of those conversations. Evid. Hrg. Tr. 66. He further indicated that he understood the only offer from the government was to plead guilty to a 20-year mandatory minimum sentence or, alternatively, to "go to trial and face that plus more." Evid. Hrg. Tr. 71. Murray repeatedly confirmed that he understood that if he went to trial, he faced a mandatory 20 year penalty. Evid. Hrg. Tr. 77, 80-81, 87, 88-89. Murray testified that he went to trial because he understood the mandatory 20 year sentence at trial was the same as the sentence he would get pursuant to the plea agreement. Evid. Hrg. Tr. 82. However, he made clear that he understood he faced 20-year mandatory sentence as a result of the enhancement. Evid. Hrg. Tr. 88-89.

### III.

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that the counsel's defective performance prejudiced the defendant, and the errors were so serious as to deprive the defendant of a fair trial. Id. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. As such, there is a "strong presumption

that counsel's performance falls within a wide range of reasonable professional assistance." Id. at 689.

Although Murray raises a number of ineffective assistance claims in his § 2255 motion, the only issue before the court is whether his trial counsel failed to advise him that an information had been filed pursuant to 21 U.S.C. § 851. Section 851 requires the government to file and serve an information upon the defendant prior to trial where it seeks to use the fact of prior conviction against a defendant for purposes of sentencing. 21 U.S.C. § 851; U.S. v. Jones, 484 F. Supp. 2d 506, 511 (W.D. Va. 2007). "The ultimate function of an information, like an indictment, is to give the defendant sufficient notice of the charges against which he must defend." Jones, 484 F. Supp. 2d at 512. In this case, the government filed an information after both the original and the superceding indictment were handed down, informing Murray that his prior felony conviction of possession of a controlled substance in 2001 in Fauquier County, Virginia could be used to enhance his sentence.[5]

At the evidentiary hearing, both Phillips and Armentrout testified that they informed Murray that a § 851 information had been filed. Phillips stated that she discussed the information with Murray after receiving the July 12, 2004 letter from the Assistant United States Attorney. Evid. Hrg. Tr. 8. She subsequently sent a letter to Murray at the Central Virginia Regional Jail on July 22, 2004, explaining, "[s]ince the information was filed to enhance your sentence, your mandatory minimum is increased to twenty (20) years. . . . The prior felony conviction is the reason your plea agreement

---

[5] The fact that an amended information was not filed after the second superceding indictment is of no moment. "The government is not required to refile its notice of enhanced sentence after return of a superceding indictment." U.S. v. Jones, 484 F. Supp. 2d 506, 512 (W.D.Va. 2007) (quoting U.S. v. Mendez, 39 Fed. Appx. 17, 18 (4th Cir. 2002)).

9

contains the language regarding a mandatory minimum sentence of twenty (20) years."
Evid. Hrg. Govt. Ex. 2. Phillips recalled talking to Murray on numerous occasions after sending him this letter and explaining to him that "this enhancement increases his sentence to a 20-year minimum." Evid. Hrg. Tr. 12. She further testified that Murray understood the minimum penalty he was facing at trial:

> Court: Did you talk to [Murray] about the 20 years?
>
> Witness: Yes, Your Honor.
>
> Court: And do you have a recollection of those conversations?
>
> Witness: Yes.
>
> . . .
>
> Court: During those conversations, did you discuss the 20-year mandatory minimum?
>
> Witness: Yes, Your Honor.
>
> Court: You believe that your client at that time, Mr. Murray, understood that's what he was facing?
>
> Witness: Yes, Your Honor.

Evid. Hrg. Tr. 18-19.

Likewise, Armentrout testified that he discussed with Murray "on numerous occasions" the fact that he faced an enhanced penalty pursuant to the information that had been filed by the government. Evid. Hrg. Tr. 38. Armentrout told Murray "that he was looking at 20 years if he was convicted without the benefit of any plea agreement. . . . Otherwise, he could get 10 years if the government did not pursue the enhancement." Evid. Hrg. Tr. 39. According to Armentrout, Murray did not want to consider the government's plea agreement, which would have cut his mandatory sentence in half;

10

instead, Murray wanted to contest the charges. Evid. Hrg. Tr. 44. Armentrout explained to Murray every time they spoke that without the benefit of the government's plea agreement, Murray faced a mandatory 20 years in prison if he was convicted at trial. Evid. Hrg. Tr. 45-46. In a letter to Murray dated February 16, 2005, Armentrout stated: "Upon a plea of guilty, with the Government[']s cooperation, you would be facing a minimum mandatory of 10 years . . . . If you do not plead, and are convicted you are looking at a minimum mandatory of 20 years in the federal prison." Evid. Hrg. Tr. 48, Govt. Ex. 7. Armentrout testified that he consistently discussed with Murray the fact that he faced a 20-year penalty at trial, as the two had "very little else to discuss." Evid. Hrg. Tr. 58.

The undersigned finds the testimony of both Phillips and Armentrout credible with respect to the fact that they advised Murray of the information that had been filed and the 20-year mandatory minimum penalty he faced if convicted at trial. Their testimony is supported by the evidence of record, including letters both counsel sent to Murray advising him of the enhancement and mandatory penalty. It is clear that Murray was aware of the statutory mandatory minimum sentence he faced at trial as a result of his prior conviction. Phillips' and Armentrout's testimony also is corroborated by the testimony of Murray himself, who repeatedly stated he was aware of the 20-year mandatory minimum sentence he faced at trial. Evid. Hrg. Tr. 77, 80-81, 87, 88-89. Murray acknowledged his understanding of the consequences of going to trial:

> Q. On the day of trial, what was your understanding if you were convicted of the minimum penalty that you could get?
>
> A. 20 years.

Evid. Hrg. Tr. 87. Nevertheless, Murray wanted to contest the charges and chose to proceed to trial.

At the evidentiary hearing, Murray attempted to shift the focus of the testimony to whether counsel advised him that a plea agreement containing a 10-year sentence had been offered by the government. This is not the issue Murray raised in his § 2255 motion, and it is not the issue before the court. The issue before the court is whether Murray was advised that a § 851 information was filed, subjecting him to an enhanced penalty of 20 years if convicted at trial.[6] It is clear from the record that Murray was advised of the enhancement and that he understood the mandatory minimum penalty he faced at trial.

Therefore, Murray's ineffective assistance claim fails. Phillips' and Armentrout's representation was not deficient, as they advised Murray of the enhancement and mandatory minimum sentence he faced if convicted. The evidence makes plain that Murray was aware of the 20-year mandatory penalty he faced at trial. Notwithstanding Armentrout's advice that he take the plea agreement offered by the government, Murray chose to contest the charges, was convicted, and was sentenced to 20 years in prison. For these reasons, Murray's Fifth Amendment due process claim also fails. Therefore, the

---

[6] At the evidentiary hearing, Murray seemed to assert an ineffective assistance claim based on the fact that counsel allegedly failed to inform him that a plea agreement containing a 10 year sentence had been extended by the government; thus, he did not appreciate the consequences of proceeding to trial. To the extent Murray could raise such a claim, the undersigned finds it unsupported by the evidence of record. Phillips sent a letter to the Assistant United States Attorney on August 30, 2004 and copied Murray on the correspondence, which stated that Murray would be agreeable to a plea agreement if the government withdrew the information filed and reduce the proposed sentence to 10 years. Evid. Hrg. Tr. Govt. Ex. 3. On November 30, 2004, the government sent a letter to Armentrout stating it would agree to refrain from filing the § 851 information, resulting in a sentence of 10 years instead of 20, if Murray intended to plead guilty to the charges. Evid. Hrg. Tr. Pet. Ex. 1. Armentrout testified that he repeatedly discussed this plea agreement with Murray and urged him to accept it, as evidenced by his letter to Murray dated February 16, 2005. Evid. Hrg. Tr. Govt. Ex. 7.

undersigned recommends that summary judgment be entered in favor of the United States and that Murray's § 2255 motion be dismissed.

IV.

Based on the foregoing, the undersigned finds that Murray has failed to establish any credible evidence which suggests that counsel provided constitutionally deficient legal assistance by failing to advise him that a § 851 information had been filed. As such, Murray's Fifth Amendment claim also fails. Accordingly, the undersigned recommends that summary judgment be granted in favor of the government and that Murray's § 2255 motion be dismissed in its entirety.

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Glen E. Conrad, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to filed specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to petitioner and counsel of record.

Enter this 11 day of March, 2009.

Michael F. Urbanski
United States Magistrate Judge